UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID GARCIA,<br>   Plaintiff, | )<br>)<br>) |
| vs. | )   Case No. 22-1283<br>) |
| SERGEANT DURBIN, *et al.*,<br>   Defendants. | )<br>) |

## MERIT REVIEW ORDER – THIRD AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, filed a Third Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights at Pontiac Correctional Center (Pontiac). (Doc. 68). The Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Third Amended Complaint, and through such process, to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A.

### BACKGROUND

On April 4, 2023, the Court conducted a Merit Review of Plaintiff's Second Amended Complaint and allowed him to proceed with the following claims:

1) Defendants Dr. Vipin Shah, Dr. Dina Paul, Pontiac Health Care Unit (HCU) Administrator Doe #2, Grievance Officer Doe #3, and Administrative Review Board ("ARB") members Sherry Benton and Clayton Stephenson violated Plaintiff's Eighth Amendment rights when they denied or delayed medical care for hepatitis A and B.

2) Defendants Sergeant Durbin, Grievance Officer Doe #3, Benton, and Stephenson violated Plaintiff's First Amendment rights when they took or damaged Plaintiff's property on July 29, 2021, in retaliation for his grievances.

1

(Doc. 34 at p. 11).

On August 31, 2023, Plaintiff filed a Motion for Leave to File Third Amended Complaint seeking leave to amend his complaint to add an additional Defendant based on information he gleaned from Defendants Dr. Paul and Dr. Shah's Answer and Affirmative Defenses. (Doc. 42; Doc. 63). The Court granted Plaintiff's motion on September 5, 2023. (d/e 9/5/2023). This Merit Review Order now follows.

## ANALYSIS

Plaintiff identified the following Defendants: Sergeant Durbin, Dr. Dina Paul, Dr. Vipin Shah, Pontiac Health Care Unit (HCU) Administrator Doe #2, Grievance Officer Doe #3, ARB members Sherry Benton and Clayton Stephenson, and Wexford Administrator Doe #4. (Doc. 68 at pp. 6-9).

Plaintiff's Third Amended Complaint focuses on three specific events:

**EVENT #1**: The first event concerns Plaintiff's medical care for hepatitis A and B at Pontiac. In the summer of 2019, Defendant Dr. Shah met with Plaintiff and ordered a series of blood tests. Plaintiff claims Dr. Shah did not inform him that he had "an active hepatitis-B viral quarantine load" until December 25, 2019. *Id.* at pp. 12, 23. Dr. Shah informed Plaintiff that Defendant Dr. Paul would take over his case since she was the hepatitis specialist for inmates at Pontiac.

In early January 2020, Plaintiff met with Nurse Barry, who is not named as a party, during sick call. She advised Plaintiff that Defendant Dr. Paul had ordered another round of bloodwork. The bloodwork was done, but Plaintiff says he never met or saw Defendant Dr. Paul.

Plaintiff further claims neither Dr. Shah nor Dr. Paul ever informed him that he also had hepatitis A. Plaintiff says he received no other care for hepatitis from either Defendant and continues to face serious medical consequences as a result.

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the defendant acted with deliberate indifference to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that "a physician has diagnosed as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference is a high standard and is "something approaching a total unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. *Duane v. Lane,* 959 F.2d 673, 677 (7th Cir. 1992). Plaintiff has articulated an Eighth Amendment claim against Defendants Dr. Shah and Dr. Paul for allegedly denying or delaying medical care for hepatitis A and B.

Plaintiff states further that Defendants Dr. Shah and Dr. Paul filed an Answer and Affirmative Defenses on June 5, 2023, wherein Defendants stated: "At all times relevant herein, Defendants' duties were limited to those that were delegated to them by their employer and that their employer voluntarily undertook pursuant to its contract with the Illinois Department of Corrections." (Doc. 42 at p. 3, ¶ 5). Plaintiff asserts that Defendants' supervisor is also liable for not disclosing to Plaintiff that he has hepatitis A and for failing to provide treatment for hepatitis A and B. Plaintiff identifies the supervisor as Defendant Wexford Administrator Doe #4.

Plaintiff has not provided a factual basis for a claim against Defendants' supervisor. "[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional

3

deprivation." *Pepper v. Vill. of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotation omitted). In addition, the mere fact that an individual was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under § 1983. *See Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008) (supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992) (supervisors are not liable for the errors of their subordinates). Defendant Wexford Administrator Doe #4 is DISMISSED for failure to state a claim.

Plaintiff also claims that Defendants Grievance Officer Doe #3, ARB members Benton and Stephenson, and Pontiac HCU Administrator Doe #2 violated his Eighth Amendment rights because they took no action to "correct the situation" based on the grievances he filed. (Doc. 68 at p. 34). None of the Defendants provided direct medical care to inmates. Plaintiff states the only contact he had with Defendants Benton and Stephenson was through the grievance process, and he had no contact with Pontiac HCU Administrator Doe #2.

"Non-medical officials are presumptively entitled to defer to the professional judgment of the facility's medical officials on questions of prisoners' medical care." *Eagan v. Dempsey*, 987 F.3d 667, 694 (7th Cir. 2021) (internal quotation omitted). "A plaintiff may rebut this presumption by showing that the [Defendants] had reason to know that their medical staff were failing to treat or inadequately treating an inmate." *Id.* (internal quotation omitted). "A plaintiff must demonstrate that, through the manner and content of his communication, he gave the prison official sufficient notice to alert him or her to an excessive risk to inmate health and safety." *Id.* (internal quotation omitted). An official's refusal to do more after being alerted to the risk may amount to deliberate indifference. *Id.* (citing *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996)).

"Simply receiving correspondence from a prisoner" does not make a prison official liable for the alleged infraction. *Norington v. Daniels*, 2011 WL 5101943, at *2-3 (N.D. Ind. Oct. 25, 2011); *see also Diaz v. McBride*, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30, 1994) (plaintiff cannot establish personal involvement and subject a prison official to liability under § 1983, merely by sending the official various letters or grievances complaining about the actions or conduct of subordinates).

Plaintiff's sparse allegations are insufficient to state an Eighth Amendment claim against Defendants Grievance Officer Doe #3, ARB members Benton and Stephenson, and Pontiac HCU Administrator Doe #2. Defendant Pontiac Health Care Unit (HCU) Administrator Doe #2 is DISMISSED, as Plaintiff does not include any further allegations against Defendant in his Third Amended Complaint.

**EVENT #2**: The second event occurred in July of 2021 at Pontiac. Plaintiff states that he submitted a grievance on or about July 23, 2021, and "submitted a follow-up" on July 25, 2023. (Doc. 68 at p. 15). The same day, the Pontiac max unit went on lockdown due to a "disciplinary event" in another housing unit. *Id.*

On July 29, 2021, Plaintiff was housed in East House when several tactical teams entered the gallery. Plaintiff and the other inmates were strip searched and moved to the chow hall while tact teams searched each cell. When Plaintiff and his cellmate returned, they found their belongings mixed together on the bunk beds and a shakedown slip from Defendant Sergeant Durbin.

Plaintiff says several of his personal papers, including grievances, receipts, and court documents were missing. In addition, many of his personal items were damaged or removed.

Plaintiff says Defendant Durbin was responsible for the search of his specific cell and took or damaged his legal documents and his property in retaliation for his "continuous submission of

5

grievances." *Id.* at p. 41. To state a First Amendment claim, a plaintiff must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). Taking the evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff has adequately alleged a First Amendment retaliation claim against Defendant Durbin.

Previously, the Court also found that Plaintiff articulated a First Amendment claim against Defendants Grievance Officer Doe #3 and ARB members Benton and Stephenson in his Second Amended Complaint, as Plaintiff claimed Defendants retaliated against him because they knew about Defendant Durbin's retaliatory actions and took no action to return his property and papers. (Doc. 34 at p. 8). In his Third Amended Complaint, Plaintiff now claims that Defendants Grievance Officer Doe #3 and Benton are liable because "[g]rievances were sent and they did not correct the situation." (Doc. 68 at p. 44). Plaintiff makes no mention of Defendant Stephenson. Plaintiff's sparse allegations are insufficient to state a claim against Grievance Officer Doe #3 and Benton based solely on their involvement in the grievance process. Therefore, Defendants Grievance Officer Doe #3, Benton, and Stephenson are DISMISSED for failure to state a claim.

Plaintiff also claims taking his legal documents denied him access to the courts. As this Court explained in its prior Merit Review Order, a prisoner's fundamental right of access to the courts is violated only when an inmate is both deprived of access and suffers an actual injury as a result. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996). Plaintiff claims the injury occurred when the original complaint he had drafted against Defendant Dr. Paul was taken, which prevented him from filing it "in a timely manner." (Doc. 68 at p. 39). However, "a delay becomes an injury only if it results in actual substantial prejudice to specific litigation." *Johnson v. Barczak*, 338 F.3d 771, 773

(2003) (quotation mark omitted). Plaintiff has not alleged he was prevented from pursuing a non-frivolous claim. In fact, Plaintiff has included his claims against Defendant Dr. Paul in the current complaint. Therefore, Plaintiff has not articulated a claim based on a denial of access to the courts.

Plaintiff also fails to state a claim based on taking or damaging his personal property. Again, the Court previously explained Plaintiff must establish a deprivation of liberty or property without due process to establish a Fourteenth Amendment claim. "However, if the state provides an adequate remedy, Plaintiff has no civil rights claim." *Stevens v. Norwood*, 2020 WL 6321487, at *1 (S.D. Ill. Oct. 28, 2020) (citing *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy)). "Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims." *Stevens*, 2020 WL 6321487, at *1 (citing *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999) ("A prisoner has adequate process where an adequate post-deprivation remedy is available to redress unauthorized confiscations of property.")).

In addition, Plaintiff does not have a Fourth Amendment right to prevent the search of his cell and property. The Supreme Court has explicitly held the Fourth Amendment's prohibition of unreasonable searches and seizures does not apply to those conducted "within the confines of a prison cell." *Hudson*, 468 U.S. at 526.

**EVENT #3**: Plaintiff was transferred to Centralia Correctional Center (Centralia) on February 9, 2022. On May 31, 2022, several tact teams entered Plaintiff's housing unit. Inmates were strip searched and removed from their cells while officers searched the area. Plaintiff's and his cellmate's belongings were thrown onto the bunk beds. Officer Sims left a shakedown slip.

For the reasons previously stated, Plaintiff has failed to articulate any claim based on a shakedown of his cell. Even if Plaintiff had articulated a claim, he could not combine his unrelated

7

claim at Centralia with his claim involving different Defendants and incidents at Pontiac. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Third Amended Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff alleges the following claims: (1) Defendants Dr. Vipin Shah and Dr. Dina Paul violated Plaintiff's Eighth Amendment rights at Pontiac when they delayed or denied medical care for Plaintiff's hepatitis A and B; and (2) Defendant Durbin violated Plaintiff's First Amendment rights when he took or damaged Plaintiff's legal documents and property on July 29, 2021, at Pontiac in retaliation for his grievances. The claims are stated against the Defendants in their individual capacities only.

2) All other claims and Defendants are DISMISSED for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and § 1915A. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of Court pursuant to Federal Rule of Civil Procedure 15.

3) The Clerk is directed to terminate Defendants Pontiac Health Care Unit (HCU) Administrator Doe #2, Grievance Officer Doe #3, Sherry Benton, and Clayton Stephenson.

4) Defendants Durbin, Paul, and Shah have returned their executed summons. No waivers need to be issued.

5) The deadline of October 17, 2023, for Defendant Durbin to file an answer is VACATED. Defendants Durbin, Paul, and Shah are DIRECTED to answer Plaintiff's Third Amended Complaint on or before October 26, 2023.

6) Plaintiff is reminded that he must immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a

change in mailing address or telephone number will result in dismissal of this lawsuit, with prejudice.

ENTERED:  10/6/2023

s/ James E. Shadid  
James E. Shadid  
United States District Judge